**Edaleene Sherry SMITH, Petitioner–Appellant,**

v.

**Deborah L. PATRICK, Warden, Respondent–Appellee.**

No. 07–56303.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2008.*

Filed April 22, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Michael C. Keller, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

The facts and procedural history of the case are known to the parties, and we do not repeat them here. Petitioner Edaleene Sherry Smith appeals the denial of her 28 U.S.C. § 2254 petition for a writ of habeas corpus in connection with her convictions for attempt to transport cocaine while armed with a firearm, conspiracy to commit robbery, first degree attempted robbery, and grand theft auto. A state prisoner is entitled to federal habeas relief only if the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). If there is no Supreme Court precedent that controls a legal claim raised in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly established law. *See Carey v. Musladin,* 549 U.S. 70, 127 S.Ct. 649, 653–54, 166 L.Ed.2d 482 (2006).

Smith claims that the California Supreme Court unreasonably applied Supreme Court precedent when it held that it need not reach the issue of whether California recognizes a defense of outrageous government misconduct in the form of sentencing manipulation, in violation of due process. Smith's claim fails because there is no Supreme Court precedent that can reasonably be construed to require a state to adopt the defense of unconstitutional sentencing manipulation. Smith points to *United States v. Russell,* which concerned the applicability of a statutory federal en-

trapment defense where an undercover narcotics agent provided the defendant with an ingredient necessary to complete a drug manufacturing crime. *See* 411 U.S. 423, 424–425, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). The Court did not reach the viability of a constitutional defense premised on the same conduct, nor did the Court address a defense premised solely on conduct related to alleged sentencing manipulation. *See id.* at 431–32, 93 S.Ct. 1637. The language in *Russell* suggesting that outrageous police conduct in a sting operation may give rise to a due process defense—to the extent it purports to ratify such a defense at all—is dictum, and may not serve as the basis to grant the writ of habeas corpus under § 2254(d). *See Hernandez v. Small,* 282 F.3d 1132, 1140 (9th Cir.2002) (citing *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

The Supreme Court did consider the existence of a constitutionally-based outrageous conduct defense premised on entrapment in *Hampton v. United States,* but no majority emerged. *See* 425 U.S. 484, 488–89, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976) (opinion of Rehnquist, J.). Although we have "repeatedly held that the due process outrageous conduct defense survived the Court's review in *Hampton,*" *United States v. Bogart,* 783 F.2d 1428, 1432 (9th Cir.1986) (internal quotation omitted), nothing in *Hampton* would compel the California courts to adopt the defense of unconstitutional sentencing manipulation. Because there is no Supreme Court precedent that controls Smith's legal claim, the state court's decision was not contrary to, or an unreasonable application of, clearly established law. *See Musladin,* 127 S.Ct. at 653–54.

Smith raises three uncertified issues on appeal: (1) that the joinder of an unrelated murder charge against one of her co-defendants to the drug theft charges resulted in a due process violation, *see United States v. Lane,* 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986); (2) that the conduct of the police, in organizing the entire sting, was outrageous law enforcement conduct, in violation of due process, *see Russell,* 411 U.S. at 432, 93 S.Ct. 1637; and (3) that the trial court's refusal to allow her to cross examine Detective Alvarez about his knowledge of California sentencing law violated her Confrontation Clause rights, *see Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). We decline to consider these uncertified issues because we have reviewed the record and find Smith has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2); *see* 9TH CIR. R. 22–1(e)–(f).

**AFFIRMED.**